IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-002 |
| | ) | |
| ALLSTATE INSURANCE COMPANY; | ) | |
| GEICO INSURANCE COMPANY; | ) | |
| DONALD R. HEATHMAN, Deceased, | ) | |
| GEICO Insured Client; NUGENT LAW | ) | |
| FIRM OF GEORGIA; NUGENT/JENNA | ) | |
| MATSON LAW FIRM OF AUGUSTA, | ) | |
| GEORGIA; ENABLECOMP BILLING | ) | |
| LLC; and AUGUSTA UNIVERSITY | ) | |
| MEDICAL TRAUMA HOSPITAL | ) | |
| PAYMENT DIVISION, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case *pro se* on January 7, 2025, and she filed an amended complaint on February 3, 2025. (Doc. nos. 1, 4.) Because she is proceeding *pro se*, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the instruction order so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 1-2.)

Now, the ninety days allowed for service has elapsed, and there is no evidence in the record that any Defendant has been properly served under Fed. R. Civ. P. 4. The docket does not reflect Plaintiff ever submitted, or the Clerk of Court ever issued, a summons for any Defendant.[1] The two docket entries related to service do not indicate service of a summons was accomplished on any Defendant, let alone that a pleading accompanied any summons that may have been attempted to be served or left with an individual authorized to accept service of process for any Defendant.[2] (See doc. nos. 7, 8.) Nor is there any information on the docket showing Plaintiff requested any Defendant waive formal service of a summons.

Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 6th day of May, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Fed. R. Civ. P. 4(a) & (b) explain the required formalities of a summons and the procedure for presenting and obtaining a summons from the Clerk of Court.

[2] Fed. R. Civ. P. 4(c) explains a summons must be served with a copy of the complaint.

2