IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-002 |
| | ) | |
| ALLSTATE INSURANCE COMPANY; | ) | |
| GEICO INSURANCE COMPANY; | ) | |
| DONALD R. HEATHMAN, Deceased, | ) | |
| GEICO Insured Client; NUGENT LAW | ) | |
| FIRM OF GEORGIA; NUGENT/JENNA | ) | |
| MATSON LAW FIRM OF AUGUSTA, | ) | |
| GEORGIA; ENABLECOMP BILLING | ) | |
| LLC; and AUGUSTA UNIVERSITY | ) | |
| MEDICAL TRAUMA HOSPITAL | ) | |
| PAYMENT DIVISION, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and paid the full filing fee when she commenced this case. (Doc. no. 1 & Jan. 7, 2025 doc. entry regarding payment).

**I.   Background**

Plaintiff filed the above-captioned case *pro se* on January 7, 2025, and she filed an amended complaint on February 3, 2025. (Doc. nos. 1, 4.) Because she is proceeding *pro se*, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach

a copy of Rule 4 to the instruction order so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 1-2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been properly served, the Court entered an Order on May 6, 2025, directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 13.)

In response, Plaintiff filed a "Motion in Limine to Admit New Evidence and . . . Amended Motion for Waiver of Service." (Doc. no. 14.) In that filing, Plaintiff asks the Court to consider her "Proof of Waiver pictures, Visitations, and FEDEX Signature Proof of Receipts" as evidence she has effected service of process. (Id. at 2.) She also argues under Georgia Statutes that her ninety days to effect service had not expired when the show cause order issued because Saturdays, Sundays, and holidays should be excluded from the ninety-day calculation. (Id. at 3.) The attachments to the response include: (1) FEDEX MAIL TRACKING ID receipts from March 5 & 6, 2025, (id. at 5-9); (2) three pictures of "Waiver/Proof of Service Forms" dated March 5, 2025 for "Nugent Law Firm, AU Medical Trauma, and Geico Local signed/served by Cherellda Fields," and "Waiver Service Forms Allstate, Nugent Law Firm, AU Medical Trauma, and Geico March 5, 2025 signed/served by Cherellda Fields,"[1] (id. at 11-12); (3) pictures of Notebook Contents with individual color file

---

[1] Three of the "Proof of Service" forms were already filed on the docket on March 5, 2025, and indicated they were unexecuted as to Allstate, Geico, and "Nugent Law Firm/Jenna Matson" either because Ms. Fields was told to "send it to corporate" or that the person to whom she attempted to give her papers was not authorized to accept them. (Doc. nos. 7, 7-1, 7-2.) Plaintiff

tabs for the Clerk of Court and five Defendants mailed January 28, 2025, (id. at 13-15); (4) pictures of receipts for "Amended Motion with Myles State Health Benefit Insurance Request for Subrogation Order/Invoice" for the Clerk of Court and five Defendants mailed March 3, 2025, (id. at 16-20); and (5) five "Waiver of the Service of Summons Forms" with the names of five Defendants in the caption but addressed to, and signed by, Plaintiff, (doc. no. 14-1, pp. 1-5).[2]  The docket does not reflect Plaintiff ever submitted, or the Clerk of Court ever issued, a summons for any Defendant,[3] and Plaintiff does not provide particularized information regarding any attempt at service on Defendant Heathman and/or his estate.

## II.    Discussion

Rule 4(c)(1) states, "A summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served."  Fed. R. Civ. P. 4(c)(1).  For a corporation, unless a waiver has been filed or federal law provides otherwise, service must be done in accordance with the requirements of Rule 4(e)(1) for serving an individual, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

---

herself signed the unexecuted Proof of Service for Defendant Enable Comp because there was "No Georgia Address."  (Doc. no. 7-3.)  The fourth "Proof of Service" states a summons was left with Lori Carson for Defendant AU Trauma-Wellstar, but does not state that individual was authorized to accept service on behalf of the organizational Defendant.  (Doc. no. 8.)

[2]As the Court has considered the "new evidence" attached to Plaintiff's response to the show cause order in making this recommendation, the Court **DIRECTS** the **CLERK** to **TERMINATE** the "Motion in Limine to Admit New Evidence" from the motions report. (Doc. no. 14-1.)

[3]Fed. R. Civ. P. 4(a) & (b) explain the required formalities of a summons and the procedure for presenting and obtaining a summons from the Clerk of Court.

service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e), in turn, provides service may be accomplished - unless a waiver has been filed or federal law provides otherwise - by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by

> (A) delivering a copy of the summons and complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1) & (2). If service is not waived, proof of service generally must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days of the filing of the complaint, the district court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. (4)(m)." Garvich v. Georgia, No. 21-10679, 2022 WL 1531701, at *2 (11th Cir. May 16, 2022) (*per curiam*).

The record here does not show any Defendant has been timely served, and the case should be dismissed. First, as there is no indication summons were ever issued by the Clerk of Court, the "Proof of Service" forms on the docket, (doc. nos. 7, 7-1, 7-2, 7-3, 8), suggesting service of a summons was ever attempted is belied by the record. Moreover, even if summons had been issued, Rule 4(c)(1) states a summons must be served with a copy of the complaint. Plaintiff's "Proofs of Service" do not indicate the complaint or amended complaint accompanied a summons. Similarly, the Waivers of the Service of Summons Plaintiff attached to her response to the show cause order also explain a copy of the complaint must be provided, along with two copies of the waiver and a prepaid means of returning one signed copy to

4

Plaintiff. Those waivers do not show service was accomplished, as Plaintiff, not any Defendant or defense attorney signed the waiver acknowledging receipt of the required documents. (See doc. no. 14-1.)

Second, even giving Plaintiff every benefit of the doubt and starting the calculation of her ninety days for service from the date of filing her amended complaint on February 3, 2025, rather than commencement of the case on January 7, 2025, sending waivers on May 13, 2025, was beyond the ninety days allowed for service. Whether calculated under state or federal statutes, it is clear more than ninety days have elapsed under the rules for counting time allowed for service. Under O.C.G.A.§ 9-11-6, counting time for service is governed by O.C.G.A. § 1-3-1(d)(3), which provides that when a period of time is measured in days, the first day is not counted but the last day is counted; and if the last day of the time period falls on a Saturday, Sunday, or legal holiday, the deadline moves to the next business day. Only when the period of time at issue is *less than seven* days are intermediate Saturdays, Sundays, and legal holidays excluded. O.C.G.A. § 1-3-1(d)(3) (emphasis added). As Plaintiff's deadline for service exceeded seven days, there is no support for Plaintiff's timeliness calculation of excluding Saturdays, Sundays, and legal holiday throughout a ninety-day period. (See doc. no. 14, p. 3.)

Under Fed. R. Civ. P. 6(a)(1), any period of days is counted by excluding the days of the triggering period, counting every day including Saturday, Sundays, and legal holidays, and including the last day of the time period unless the last day falls on a Saturday, Sunday, or legal holiday; then the deadline moves to the next days that is not a Saturday, Sunday, or legal holiday. Inaccessibility of the Clerk's Office will also extend the last day of the time period until the first accessible days that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P.

5

6(a)(3). Thus, at the time the Court issued the show cause order on May 6, 2025, and continuing through the date of this recommendation, under any calculation of time under state or federal rules, more than ninety days had passed from both January 7th and February 3rd. Dating waivers of service for May 13, 2025, and for which there is no proof of service or inclusion of a pleading, does not fix the service deficiency, and the "Motion for Waiver of Service" requesting the Court extend the time for service to accept the Waiver of the Service of Summons Forms as correction of the service deficiency should be **DENIED**. (Doc. no. 14-2.)

Third, even if Plaintiff had obtained summons, to the extent she maintains mailing a notebook of documents related to the case is sufficient to establish service of the complaint, *mailing* a summons with a pleading is insufficient under the Rule 4. See also Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019) (*per curiam*) (explaining "[s]ervice by certified mail generally does not constitute delivery under subsections of Rule 4" (citations omitted)); Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (collecting cases for same proposition). Pretermitting any argument that any service deficiencies should be excused because a Defendant had notice of the lawsuit after Plaintiff's notebook mailings unaccompanied by a proper waiver or summons, "[a] defendant's actual notice is not sufficient to cure defectively executed service." Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (*per curiam*) (quoting Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)); see also Griffin, 2023 WL 129416, at *2 (collecting cases rejecting proposition "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4").

Finally, to the extent there was any question as to what type of service applied to which Defendant or how to properly accomplish such service, the Court cautioned Plaintiff it was her

6

responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide her with a copy of Rule 4. (Doc. no. 3, p. 1.) Plaintiff's stated intention to visit the Clerk's Office to seek "clarification" on how to pursue her case, (doc. no. 14, p. 4), does not excuse her insufficient service attempts. That is, the responsibility for properly effecting service stands firmly with Plaintiff. See Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra, 490 F.3d at 829). Despite having been provided with the information needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication any Defendant may be attempting to evade service, only that Plaintiff is using improper methods to attempt service. Moreover, even considering Plaintiff's request for the Court to accept the waivers attached to her response to the show cause order, they are dated May 13, 2025 – after the service deadline – and do not include any indication whether the complaint or amended complaint were included, let alone where or to whom any such waivers were directed. (See doc. no. 14-1.) As the accident forming the basis for the

7

current case occurred on July 19, 2023, (doc. no. 1, p. 1), with many of the disputed actions by Defendants occurring after that date during the processing of Plaintiff's insurance claims, there is no indication the statute of limitations may bar a refiled action.

### III.    Conclusion

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of individual Defendants or the entire case. (See doc. nos. 3, 13.) "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted). Plaintiff commenced this case over ninety days ago, and she has already been given the benefit of an extended time limit for effecting service, but to no avail. Accordingly, the Court **REPORTS** and **RECOMMENDS** the "Motion for Waiver of Service" be **DENIED**, (doc. no. 14-2), and this case be **DISMISSED** without prejudice for failure to timely effect service on any Defendant. See Garvich, 2022 WL 1531701, at *2; Marcus v. Postmaster Gen., 461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*) (finding dismissal without prejudice appropriate where service not timely perfected under Federal Rules of Civil Procedure); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991) (same).

SO REPORTED and RECOMMENDED this 21st day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA