IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-002 |
| | ) | |
| ALLSTATE INSURANCE COMPANY; | ) | |
| GEICO INSURANCE COMPANY; | ) | |
| DONALD R. HEATHMAN, Deceased, | ) | |
| GEICO Insured Client; NUGENT LAW | ) | |
| FIRM OF GEORGIA; NUGENT/JENNA | ) | |
| MATSON LAW FIRM OF AUGUSTA, | ) | |
| GEORGIA; ENABLECOMP BILLING | ) | |
| LLC; and AUGUSTA UNIVERSITY | ) | |
| MEDICAL TRAUMA HOSPITAL | ) | |
| PAYMENT DIVISION, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

On May 21, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") in which he recommended dismissing Plaintiff's case without prejudice for failing to timely effect service on Defendants in accordance with the Federal Rules of Civil Procedure. (See doc. no. 15.) The Court also instructed Plaintiff that any objections to the R&R had to be filed no later than June 9, 2025. (See doc. no. 16.) Having received no objections to the R&R by the deadline, the Court adopted the R&R as its opinion on June 11, 2025, and closed the case. (Doc. no. 17.)

After entry of the adoption order, the Clerk of Court filed Plaintiff's untimely objections. (Doc. no. 19.) Plaintiff never requested an extension of time to object prior to the June 9th deadline, and her explanation for the late filing is her mistaken argument that her deadline to object was improperly calculated.[1] (Id. at 8-9.) Because the objections are untimely, the Court need not consider them. See Ellison v. Consol. City of Augusta, No. CV 116-175, 2017 WL 1028573, at *1 (S.D. Ga. Mar. 16, 2017); see also Mathis v. Adams, 577 F. App'x 966, 967-68 (11th Cir. 2014) (*per curiam*) (explaining district court did not abuse discretion in failing to consider untimely objections).

However, even if the Court were to consider them, the objections have no merit. The R&R thoroughly reviewed the documentation submitted by Plaintiff concerning her attempts at service and explained why they were insufficient. (See generally doc. no. 15.) Plaintiff strenuously argues in her objections she thought she had complied with the rules. She contends her case should not be dismissed because she is a *pro se* litigant who had "no one to assist, educate, or represent" her and was not "corrected by the Federal Clerk concerning submissions." (Doc. no. 19, p. 2; see also id. at 7.) Notably, however, "once a *pro se* litigant is in court, [s]he is subject to the relevant law and rules of court." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Nor can federal courts provide legal advice to a *pro se* litigant. See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1073-74 (S.D. Ga. 2000)

---

[1]The May 21, 2025 Order explaining Plaintiff's opportunity to object set a deadline of June 9, 2025. Under Fed. R. Civ. P. 72(b)(2), a party has fourteen days to object to a dispositive recommendation. Contrary to Plaintiff's contention, the June 9th deadline provided the required amount of time to object.

(explaining courts do not give legal advice and cannot advocate, or act as de facto legal counsel, for *pro se* litigant).

The Court issued multiple Orders explaining Plaintiff's responsibility for serving Defendants in accordance with Federal Rule of Civil Procedure 4, and she was warned that failing to do so within ninety days of the filing of the complaint could result in the dismissal of individual defendants or the entire case. (See doc. nos. 3, 13.) The Court has reviewed Plaintiff's service documentation and has determined – as it did upon its original *de novo* review of the file before adopting the R&R – the evidence before the Court does not establish Plaintiff properly accomplished service. Moreover, Plaintiff's arguments that Defendants have been "alerted" to the lawsuit does not suffice, (doc. no. 19, p. 4), as "[a] defendant's actual notice is not sufficient to cure defectively executed service." Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (*per curiam*) (quoting Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)); see also Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (collecting cases rejecting proposition "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4").

Accordingly, the Court will not change its June 11, 2025 Order, and this case stands closed.

SO ORDERED this 12th day of June, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA