IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN MYLES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ALLSTATE INSURANCE COMPANY; | * | |
| GEICO INSURANCE COMPANY; | * | CV 125-002 |
| DONALD R. HEATHMAN, Deceased, | * | |
| GEICO Insured Client; NUGENT | * | |
| LAW FIRM OF GEORGIA; | * | |
| NUGENT/JENNA MATSON LAW FIRM | * | |
| OF AUGUSTA, GEORGIA; | * | |
| ENABLECOMP BILLING LLC; and | * | |
| AUGUSTA UNIVERSITY MEDICAL | * | |
| TRAUMA HOSPITAL PAYMENT | * | |
| DIVISION, | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court are Plaintiff's motion to allow case to proceed to a higher court (Doc. 21) and motion to appeal *in forma pauperis* ("IFP") (Doc. 23). For the following reasons, Plaintiff's motions are **DENIED**.

First, Plaintiff requests the Court "allow this federal case to proceed to a higher court." (Doc. 21, at 1.) Plaintiff also filed a notice of appeal (Doc. 22) and this case has been transmitted to the United States Court of Appeals for the Eleventh Circuit (Doc. 23), so Plaintiff's request (Doc. 21) is **DENIED AS MOOT**.

Pursuant to Federal Rule of Appellate Procedure 24(a)(3), "A party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP] without further authorization . . . ." But this prior authorization rule is restricted when the district court "certifies that the appeal is not taken in good faith," the district court "finds that the party is not otherwise entitled to proceed [IFP]," or "a statute provides otherwise." FED. R. APP. P. 24(a)(3).

An appeal is not taken in good faith if it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An action is frivolous "if it is without arguable merit either in law or fact." Austin v. Judge, 851 F. App'x 173, 174 (11th Cir. 2021) (citation omitted).

Plaintiff filed her *pro se* complaint on January 7, 2025, and an amended complaint on February 5, 2025. (Docs. 1, 4.) Although the Court informed Plaintiff she had ninety days to effect service under Federal Rule of Civil Procedure 4(m) and such failure could result in dismissal of individual defendants or the case, there was no evidence any Defendant was properly served. (Doc. 3, at 1-2; Doc. 13.) As a result, the Court directed Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. 13.) Plaintiff filed a "Motion in Limine to Admit New Evidence and . . . Amended Motion for Waiver of Service," asking the Court to consider her "Proof of Waiver pictures, Visitations, and FedEx Signature Proof of

2

Receipts" as evidence she has properly served Defendants. (Doc. 14, at 2.) However, the docket does not reflect Plaintiff ever submitted, or the Clerk of Court issued, a summons for any Defendant. Further, the waivers do not show service was accomplished because only Plaintiff, and not any Defendant or defense attorney, signed the waiver acknowledging receipt of the required documents. (See Doc. 14-1.)

On June 11, 2025, the Court adopted the Magistrate Judge's Report and Recommendations ("R&R") (Doc. 15) and dismissed the case for failure to timely effect service. (Doc. 17.) On June 26, 2025, Plaintiff filed a response to the Court's June 11, 2025 Order. (Doc. 21.) In this motion, Plaintiff claims she sent the complaint "to all 5 Defendants in a divisional notebook with FedEx Signature Request." (Id. at 13.) However, mailing a summons with a pleading is insufficient under Rule 4. See Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019) (per curiam) (explaining "[s]ervice by certified mail generally does not constitute 'delivery' under subsections of Rule 4" (citations omitted)); Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (finding the magistrate judge did not err when Plaintiff failed to effect service by certified mail). Even if a Defendant had notice of the lawsuit after Plaintiff's notebook mailings unaccompanied by a proper waiver or summons, such service deficiencies should not be excused because "[a] defendant's actual notice is not sufficient to cure defectively executed service."

Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (per curiam) (quoting Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)); see also Griffin, 2023 WL 129416, at *2 (rejecting "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4"). Thus, the Court found dismissal proper because Plaintiff failed to effect proper service. Based on the Court's ruling, there are no non-frivolous issues to raise on appeal, so this appeal is not taken in good faith.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to allow case to proceed to a higher court (Doc. 21) is **DENIED AS MOOT** and her motion to appeal IFP (Doc. 23.) is **DENIED**. The Clerk is **DIRECTED** to **TRANSMIT** this Order to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of October, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4